

**RECEIVED**

APR 1 2 2005

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA
### FOURTH DIVISION

**CIVIL FILE NO.:** _____

---

Dr. R.C. Samanta Roy Institute of Science
and Technology, a Wisconsin non-stock corporation,
Midwest Oil of Minnesota, LLC, and Naomi Isaacson,

               Plaintiffs,

v.

                                             **COMPLAINT** $05\text{-}737$ АОМ/
                                                                       AJB

Knight Ridder,
d/b/a The St. Paul Pioneer Press,

               Defendant.

---

Come now the Plaintiffs, and as for cause of action against the Defendant, state as follows:

### PARTIES

1.    Plaintiff Dr. R.C. Samanta Roy Institute of Science and Technology (hereinafter "SIST") is a Wisconsin non-stock corporation, whose sole statement of purpose is education. To raise funds for this purpose, SIST owns several businesses, including several gas station/convenience stores in Minnesota.

2.    Plaintiff Midwest Oil of Minnesota, LLC, (hereinafter "MOM") is a Wisconsin limited liability company and a wholly owned subsidiary of SIST.

3.    Plaintiff Naomi Isaacson is on the Board of Directors for SIST, and is agent of service for SIST and MOM.



4.      Upon information and belief, Defendant Knight Ridder is a corporation doing business in Minnesota as The St. Paul Pioneer Press, with business offices located at 345 Cedar Street, St. Paul, Minnesota.

## JURISDICTION AND VENUE

5.      This case involves Federal Questions under 42 U.S.C. §§ 1981 and 1985(3), and the amount in controversy exceeds $75,000, and therefore, the Court has jurisdiction in this matter.

## FACTUAL ALLEGATIONS

6.      Dr. R.C. Samanta Roy (hereinafter "Dr. Roy") is the President of the Board of Directors for SIST.  Dr. Roy is an individual of East Indian descent and, therefore, racially belongs to a group that is ethnically and physiognomically distinct.  Dr. Roy's racial distinction and involvement with SIST is the cause for the discriminatory acts of the Defendant hereafter alleged.

7.      On or about April 8, 2005, Defendant intentionally conspired with area gas station owners and published false, defamatory and discriminatory statements about the Plaintiffs SIST and MOM in a news article entitled, "Gas Price Fuels Anger in Rivals."  These same false and defamatory statements were also printed on Defendant's website at www.pioneerpress.com.

8.      The focus of the article was an Exxon gas station owned by the Plaintiffs and located in Anoka, Minnesota.  In the article, the Defendant asserted and implied that the Plaintiffs are part of a religious organization or "group," falsely accused the Plaintiffs of engaging in criminal and illegal business conduct, and otherwise attempted to cloud the Plaintiffs' business reputation by making false, defamatory, and discriminatory statements as follows:

2

*"Minnesota mandates a minimum price for gasoline, and one station might be dipping below it."*

*"They say the station, whose owners are affiliated with a Wisconsin based religious group, is selling at a loss, possibly in violation of state law."*

*"They say the station, whose owners are affiliated with a Wisconsin-based religious group, . . ."*

*". . . the station was purchased by a company affiliated with a Wisconsin based religious group – the Dr. R.C. Samanta Roy Institute of Science and Technology, or SIST.   The group keeps a low profile but has been described in news reports as a religion that embraces parts of Christianity and Judaism."*

*"SIST is located in Shawano, Wisconsin.   Shawano County District Attorney Gary Robert Bruno is familiar with the group."*

*"'There have been allegations for years that things are going on,' Bruno said.  He said he prosecuted one member for assault charges and has an outstanding warrant on another."*

*"Bruno said he is also familiar with charges that stations owned by the group charge too little for gas."*

*"But Anoka County station owners say **the group** is hurting them."*

9.     The article focuses exclusively on one gas station and completely fails to mention the dozen or so other gas stations in the area that are under investigation by the Department of Commerce.  The article does not make any reference to the identity of the owners of any of these other gas stations and, most particularly, does not refer to their religious preferences, personal whereabouts, or beliefs.  With respect to the Plaintiffs' Exxon station, however, the article makes numerous defamatory references to the ownership and alleges a connection to some religious "group."  The Defendant published this article in furtherance of its conspiracy with the owners of other gas stations in the area to deprive the Plaintiffs of its civil rights by significantly impairing and interfering with the Plaintiffs' business affairs.  The Defendant includes quotes from several of these other gas station owners in its defamatory news article.

3

10.     In its article, the Defendant also published private facts concerning the private life of Plaintiff Naomi Isaacson (hereinafter "Isaacson"), which would be offensive to a reasonable person in this context, and are not of legitimate concern to the public. These facts intrude upon the solitude or seclusion of Plaintiff Isaacson's private affairs in a manner offensive to a reasonable person. These facts include disclosure that she works for Hennepin County Judge Janet Poston, that she listed a Minneapolis address, and signed a mortgage agreement filed with Anoka County.

11.     The Defendant's April 8, 2005 article is merely a continuation of a long series of false, defamatory and discriminatory news articles published by the Defendant against the Plaintiffs.

12.     The statements made by Defendant, as alleged in Paragraph 8 are false, were published with malicious intent and/or reckless disregard, and with the intended purpose of destroying, preventing and infringing upon contractual relationships between Plaintiffs and the consuming public.

13.     The intent and effect of all of the acts of the Defendant are discriminatory and were motivated by the racially and ethnically distinct background of Dr. Roy, President of the Board of Directors for SIST.

14.     Defendant published the aforementioned article and defamatory statements in furtherance of its conspiracy with area gas station owners to deprive the Plaintiffs of their civil rights.

15.     The aforementioned statements made by Defendant as alleged herein together with their implications and intended meaning were false, per se defamatory, intended by the Defendant to be of and concerning the Plaintiffs, and published by the Defendant with bad

4

motives and without due care. The acts of the Defendant were understood by the viewing public to be of and concerning the Plaintiffs and Plaintiffs' businesses. The community and the viewing public understood Defendant's acts were to impair Plaintiffs' contractual relationships with the viewing public.

16.     In making the aforementioned statements alleged herein, Defendant intentionally and wrongfully interfered with Plaintiffs' reasonable business expectation of economic advantage.

17.     By reason of the Defendant's acts as alleged herein, the Plaintiffs have been grievously injured in its good name, character, reputation, and standing in the community and with the general public. Plaintiffs' reputation as honorable, respectable, and ethical persons and businesses and as having integrity with high moral and professional standards has been deeply damaged. Their good name and character, and business good will acquired has been gravely wounded. The businesses have been held up to ridicule and contempt by the public at large. All of these injuries are the result of the public at large having viewed or acquired any knowledge of the aforementioned statements and acts of the Defendants.

18.     By reason of the Defendant's acts as alleged herein, the Plaintiffs have also experienced extreme and intense mental, psychological, emotional, and sociological injury, damage and embarrassment.

19.     Additionally, Defendant's continuing activity is severely damaging and interfering with Plaintiffs' business and banking relationships.

20.     Defendant's continuing activity is also severely and adversely affecting and interfering with the Plaintiffs' business relationships with vendors, suppliers, business associates and colleagues, and other business relationships.

## COUNT I -- VIOLATION OF 42 U.S.C. § 1981

21.     Plaintiff incorporates and re-alleges the allegations of paragraphs 1 to 20.

22.     Defendant did and continues to interfere with the business contracts and business affairs of Plaintiffs by impairing its right to make contracts with the consuming public.  Such interference is motivated by the racially and ethnically distinct background of Dr. Roy.

23.     As a result of Defendant's actions, Plaintiffs have suffered and will continue to suffer the injuries and damages previously alleged.

## COUNT II – VIOLATION OF 42 U.S.C. § 1985(3)

24.     Plaintiff incorporates and re-alleges the allegations of paragraphs 1 to 23.

25.     Defendant published the aforementioned article and defamatory statements in furtherance of its conspiracy with area gas station owners to deprive the Plaintiffs of their civil rights.

26.     As a result of Defendant's actions, Plaintiffs have suffered and will continue to suffer the injuries and damages previously alleged

## COUNT III -- DEFAMATION PER SE

27.     Plaintiffs incorporate and re-allege the allegations of paragraphs 1 to 26.

28.     Defendant maliciously published false statements of and concerning the Plaintiffs that were meant by the Defendant to carry implications of ill repute and criminal and illegal conduct in business.  Such statements were meant to be derogatory and defamatory, were of and concerning the Plaintiffs, and were understood by the viewing public to be derogatory, defamatory, and of and concerning the Plaintiffs.

29.     As a result of Defendant's actions, Plaintiffs have suffered and will continue to suffer the injuries and damages previously alleged.

6

## COUNT IV -- DEFAMATION OF BUSINESS

30.     Plaintiffs incorporate and re-allege the allegations of paragraphs 1 to 29.

31.     Defendant published statements of and concerning the Plaintiff SIST and its businesses, that were meant to be discriminatory, derogatory and defamatory, and such statements were understood by the viewing public to be discriminatory, derogatory and defamatory, and of and concerning the Plaintiff.

32.     As a result of Defendant's actions, Plaintiffs have suffered and will continue to suffer the injuries and damages previously alleged.

## COUNT V -- TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

33.     Plaintiffs incorporate and re-allege the allegations of paragraphs 1 to 32.

34.     Defendant knowingly and wrongfully engaged in acts and published statements that have and continue to interfere with the Plaintiffs' business expectancies.

35.     As a result of Defendant's actions, Plaintiffs have suffered and will continue to suffer the injuries and damages previously alleged.

## COUNT VI -- INTRUSION UPON SECLUSION

36.     Plaintiff Isaacson incorporates and re-alleges the allegations of paragraphs 1 to 36.

37.     Defendant did intentionally intrude on the solitude or seclusion of Plaintiff Isaacson in her private affairs or concerns by means of publishing private factual information, and such intrusion would be highly offensive to a reasonable person.

38.     As a result of Defendant's actions, Plaintiff Isaacson has suffered and will continue to suffer the injuries and damages previously alleged.

## COUNT VII -- PUBLICATION OF PRIVATE FACTS

39. Plaintiff Isaacson incorporates and re-alleges the allegations of paragraphs 1 to 38.

40. Defendant did invade the privacy of Plaintiff Isaacson by giving publicity to a matter concerning the private life of another with matters that if publicized are highly offensive to a reasonable person, and are not of legitimate concern to the public.

41. As a result of Defendant's actions, Plaintiff Isaacson has suffered and will continue to suffer the injuries and damages previously alleged.

WHEREFORE, Plaintiffs pray for judgment against the Defendant and each of them, as follows:

1. For injunctive relief, ordering that Defendant refrain from making statements that are false, defamatory and of and concerning the Plaintiffs, its businesses, or SIST and its board members;

2. For damages in a sum in excess of $500,000,000 plus damages in such further sums as may be sustained and as are ascertained before final judgment herein;

3. For attorney fees incurred herein;

4. For costs of suit incurred herein; and

5. For such other relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

8

Dated: April 12, 2005

**WESTVIEW LAW CENTER, P.A.**

By: *Shushanie Aschemann*

Shushanie E. Aschemann, #0334819
Rebekah M. Brown, #0299571
1350 South Frontage Road
Hastings, MN  55033
Tel:  (612) 859-6926
Fax: (763) 792-1756

ATTORNEYS FOR PLAINTIFFS